IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY EUGENE YARBROUGH,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-01-1421-L |
| | ) | |
| **CHARLES RAY, Warden, et al.,** | ) | |
| | ) | |
| Respondent. | ) | |

**FILED NOV 29 2001**
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

DOCKETED

### REPORT AND RECOMMENDATION

On September 10, 2001, Petitioner, a state prisoner represented by counsel, filed the instant action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. Respondent has filed a motion to dismiss, alleging that this action is time-barred under 28 U.S.C. §2244(d). Petitioner has responded to the motion, placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, the undersigned finds that the action is untimely and recommends that Respondent's motion to dismiss be granted.

<u>Procedural Background</u>

Petitioner is challenging his conviction, following a jury trial, of trafficking in narcotics after former conviction of two or more felonies. District Court of Kingfisher County, Case No. CF-94-86. Petitioner was sentenced on February 20, 1997, to life

imprisonment without the possibility of parole.[1] Respondent's Brief in Support of Motion to Dismiss (MTD), Ex. A. Petitioner appealed and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on August 28, 1998. Id., Ex. B.

Thereafter, on May 11, 1999, Petitioner, appearing pro se, filed a federal habeas corpus petition in this Court challenging this conviction as well as his convictions in Case Nos. CM-94-190, and CM-97-7. Respondent's MTD, Ex. C, Yarbrough v. Kaiser, Case No. CIV-99-632-L. United States Magistrate Judge Gary Purcell entered a Report and Recommendation on November 12, 1999, recommending the petition in Case No. CIV-99-632-L be dismissed for failure to exhaust as to certain claims. Id. Ex. D.[2] In response to that Report and Recommendation, Petitioner filed a motion seeking dismissal without prejudice, and by order dated November 30, 1999, United States District Judge Tim Leonard granted Petitioner's motion. Id., Ex. E.

On March 31, 2000, Petitioner filed a pro se application for post-conviction relief in the Kingfisher County District Court. Respondent's MTD, Ex. F. The district court denied the application on May 20, 2000. Petition at 2, ¶15(a)(6). Petitioner appealed the district court's decision, and on September 8, 2000, the OCCA affirmed the denial of post-conviction relief. Respondent's MTD, Ex. F, attached OCCA Order Affirming Denial of

---

[1] In the same proceeding Petitioner was also convicted of two misdemeanor offenses, possession of paraphernalia, in Case No. CM-94-190, and possession of marijuana, in Case No. CM-97-7, for which he received a sentence of six months on each count. Petitioner does not challenge those convictions in the instant action.

[2] Judge Purcell specifically found that the first eleven grounds raised in the petition had been raised on direct appeal but that Petitioner had not exhausted his claim in ground twelve that he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal. See Respondent's MTD, Ex. D at 3. Noting that Petitioner had not yet pursued his state post-conviction remedies, Judge Purcell recommended that Petitioner be required either to return to state court to exhaust state court remedies or to amend his petition to present only the exhausted federal claims. Id. at 6.

Post-Conviction Relief, Case No. PC-2000-901. This Court's records reflect that on October 2, 2000, Petitioner filed a pro se motion to amend and a "Motion to Resume Habeas Review" in his prior habeas case, Case No. CIV-99-632-L. Petitioner advised the Court that he had exhausted his state court remedies and requested leave to file an amended petition "due to 'new' rulings made by the Kingfisher District Court." Yarbrough v. Kaiser, CIV-99-632-L [Doc. Nos. 18, 19]. By order dated October 11, 2000, Judge Leonard denied Petitioner's motions, advising Petitioner that Case No. CIV-99-632 had been dismissed without prejudice at his request in November of 1999 and that Petitioner must therefore file a new action. Id. [Doc. No. 20].

On September 10, 2001, Petitioner, now represented by counsel, filed the instant habeas action claiming he is entitled to relief on the following grounds: (1) a member of the jury engaged in improper communication with a law enforcement official during jury deliberations; (2) the trial judge failed to recuse on grounds of conflict of interest and bias; (3) the prosecutor improperly argued that Petitioner had prior felony convictions; (4) evidence regarding Petitioner's prior felony convictions was improperly admitted during the first stage of trial; (5) evidence seized at the time of Petitioner's arrest should have been suppressed as the search warrant was improperly issued and executed; (6) the trial court's rulings during voir dire denied his right to an impartial jury; (7) the trial judge's display of bias toward defense counsel rendered counsel's assistance ineffective; (8) the jury foreman committed perjury during voir dire; (9) the trial court failed to give an Allen [v. United States, 164 U.S. 492 (1896)] instruction after the jury advised the court that it was deadlocked; and (10) the prosecutor improperly bolstered the credibility of five witnesses

3

during closing argument. In the motion to dismiss Respondent argues that the relevant one-year time period for Petitioner's challenge of his conviction in Case No. CF-94-86, expired on November 26, 1999, rendering the instant petition filed on September 10, 2001, untimely under 28 U.S.C. §2244(d).

Timeliness of the Petition

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above. Additionally, in calculating the limitation period for actions under 28 U.S.C.

§2254, federal courts are required to toll the time spent seeking "[s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim...." See 28 U.S.C. §2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Petitioner's conviction became "final" for purposes of §2244(d)(1)(A) on or about November 26, 1998, ninety days after the OCCA affirmed his conviction on August 28, 1998. See Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(period of direct review includes the period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not petitioner actually files certiorari petition). Absent any applicable tolling, Petitioner had until on or about November 26, 1999, to file his habeas petition. Petitioner's state post-conviction proceeding, initiated in March of 2000, was not filed within the one-year period and thus, the tolling provision of §2244(d)(2) was not implicated. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(because petitioner's applications for state post-conviction relief were not filed until §2244(d)'s limitation period had already expired, those applications did not serve to toll the limitation period).

The time during which Petitioner's first habeas petition was pending in this Court did not toll the §2244(d)(1) limitation period. In Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001), the United States Supreme Court concluded that the tolling provision of 28 U.S.C. §2244(d)(2), which provides for the tolling of the §2244(d)(1) period while a petitioner pursues "[s]tate post-conviction or other collateral review," was not meant by Congress to require tolling while a federal habeas petition was pending. Duncan, 121

S.Ct. at 2129.[3] Additionally, the present habeas petition does not "relate back" to the May 11, 1999, filing date of Petitioner's first petition. Judge Leonard noted in his order denying Petitioner's Motion to Amend and Motion to Resume Habeas Review in Case No. CIV-99-632 that the prior action had been dismissed without prejudice on November 30, 1999, pursuant to Petitioner's request. "A dismissal without prejudice terminates the action and 'concludes the rights of the parties in that particular action.'" United States v. California, 507 U.S. 746, 756 (1993).

The Tenth Circuit has specifically held that "a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition." Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000), cert. denied, 121 S.Ct. 1195 (2001).[4] In rejecting the petitioner's "relation-back" argument, the Court in Marsh quoted the following language from Graham, supra:

> [I]f §2244(d) were interpreted as Petitioner argues, the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without

---

[3] In the Report and Recommendation entered in Petitioner's previous habeas action on November 12, 1999, Magistrate Judge Purcell cautioned Petitioner that his federal habeas petition did not toll the §2244(d)(1) limitation period, citing an unpublished Tenth Circuit disposition, Pedraza v. State of Oklahoma, No. 98-7127, 1999 WL 644814 (10th Cir. Aug. 25, 1999). See Respondent's MTD, Ex.D at 5. Although the Circuit Court subsequently held in a published opinion that the one-year limitation period prescribed in 28 U.S.C. §2244(d)(1) is tolled during the pendency of a federal habeas proceeding, see Petrick v. Martin, 236 F.3d 624, 629 (10th Cir. 2001), that position was rejected by the Supreme Court on June 18, 2001, in Duncan, supra. See also Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)(recognizing that Petrick, supra, was overruled by the Supreme Court's holding in Duncan that federal habeas petitions do not toll the AEDPA's period of limitation). Thus, notwithstanding the intervening Circuit law to the contrary, Petitioner was correctly warned that the time spent in this Court would not stop the running of the §2244(d)(1) limitation period.

[4] Other courts of appeal have held likewise. See eg., Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001); Warren v. Garvin, 219 F.3d 111 (2d Cir.), cert. denied, 531 U.S. 968 (2000); Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000); Jones v. Morton, 195 F.3d 153, 160-61 (3d Cir. 1999); Graham v. Johnson, 168 F.3d 762, 775-80 (5th Cir. 1999), cert. denied, 529 U.S. 1097 (2000); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999).

6

> prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to 'continue' his federal remedy, without running afoul of the statute of limitations. Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.

Marsh, 223 F.3d at 1220 (quoting Graham, 168 F.3d at 780). As in Marsh, Petitioner's current petition does not relate back to the earlier proceeding. Judge Leonard found that prior action was closed and he denied Petitioner's motion to amend and resume proceedings, a denial which Petitioner failed to appeal. Thus, the timeliness of the instant petition, a separate pleading filed over two years after the first petition, is not salvaged by Petitioner's earlier federal habeas action. Marsh, 223 F.3d at 1219.

Petitioner alleges in his response to the motion to dismiss that "he is not out of time"; however, he fails to articulate any argument in support of that assertion. Rather, without specific reference to equitable tolling, Petitioner appears to advance the following arguments as to why he should be allowed to file this action: (1) he was not given notice in the previous habeas case that he would be barred resuming from habeas review in that case after he exhausted his state remedies; (2) he was not aware of the exhaustion requirement prior to filing his first habeas petition; and (3) he is actually and factually innocent, as indicated by newly discovered evidence.[5] See Petitioner's Objection to

---

[5]Petitioner states in a "Special Note" that the private prison in which he has been incarcerated does not have a law library or "law books" and his attempts to "transfer[] to another prison facility so that he could work on his case . . . have been futile." See Petition's Objection at 2 (Special Note). It is unclear whether he intends by this "Special Note" to argue equitable tolling based on a lack of access to a law library. Because Petitioner is represented by counsel in this habeas action, any deficiencies in his response cannot be excused by the liberal standards that govern the interpretation of pro se submissions. See generally Haines v. Kerner, 404 U.S. 519 (1972)(per curiam);see also United States v. Barron, No. 97-7013, 1997 WL 381936, *2 n.2 (10th Cir. July 9, 1997). In any event, this vague reference to a lack of access to legal

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (hereinafter Petitioner's Objection). The Tenth Circuit has recognized that "§2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). However, equitable tolling is appropriate only "in rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation omitted), such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Id. at 811. See also Bridges v. Booher, No. 99-6191, 1999 WL 617723 (10th Cir. Aug. 17, 1999)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)), cert. denied, 528 U.S. 1167 (2000). Moreover, Petitioner must show that he diligently pursued his federal habeas claims. Miller, 141 F.3d at 978

Petitioner argues that he was not "formally notified" in his prior habeas proceeding that he would be barred from reviving his earlier habeas action upon exhaustion of his state court remedies. Petitioner's Objection at 2-4.[6]

---

resources prior to his retaining counsel would not support equitable tolling. Petitioner gives no details regarding any legal resources which he requested that were denied, nor does he assert that a lack of access to a prison library prevented the timely filing of his petition herein. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)("It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."), cert. denied, 525 U.S. 891 (1998); see also Wright v. Smith, No. 98-6324, 1999 WL 92283 (10th Cir. Feb. 24, 1999)(fact that petitioner did not have access to a legal library during the limitation period was insufficient to equitably toll the period); Gregory v. Palino, No. 98-1372, 1999 WL 92272 (10th Cir. Feb. 24, 1999)(conclusory allegations regarding inadequate law library and lack of access to federal statutes are insufficient to justify equitable tolling)(This and other unpublished dispositions are cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.). Hence, to the extent Petitioner asserts that he is entitled to have the limitation period equitably tolled due to his lack of access to legal materials, such claim is without merit.

[6]Petitioner states that in response to the Report and Recommendation (and prior to the Court's disposition of the case), he submitted his request to dismiss/withdraw "so that he could exhaust his state remedies as was recommended he do by this court."

The law regarding the appropriate disposition of a petition in which one or more claims have not been fully exhausted was first considered in Rose v. Lundy, 455 U.S. 509 (1982). The Supreme Court ruled that "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of return to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. at 510. Petitioner states that "it was his understanding that after he exhausted the unexhausted issues in the state court, he could then return to the federal court under the same case number to argue the 'now exhausted' issue(s)." Petitioner's Objection at 3 (2). Nevertheless, the record in that prior habeas action clearly shows that Petitioner was advised of his choices and the consequences of those choices. Judge Purcell specifically advised Petitioner that if he chose to amend his "mixed" petition and raise only exhausted claims, future consideration of his unexhausted claims could be forfeited, and if he returned to state court to exhaust available state court remedies, he could forfeit habeas review of all of his claims due to the expiration of the one-year limitation period set forth in 28 U.S.C. §2244(d)(1). See Respondent's MTD, Ex. D at 5-6. He was further cautioned that the §2244(d)(1) limitation period had not been tolled during the time his federal habeas petition was pending and that "the limitation period will have expired prior to the filing of a second petition by Petitioner." Id. at 6.

Thus, prior to the dismissal of his first habeas petition, Petitioner was given the opportunity to consider the obstacles to refiling his petition at a later time. Petitioner chose not to amend his first petition to assert only unexhausted claims. Instead, a dismissal was entered, based on Petitioner's own request that the action be dismissed without prejudice.

The dismissal without prejudice of Petitioner's first habeas petition pursuant to his request does not constitute "rare and exceptional circumstances" so as to warrant equitable tolling.[7] Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220.

Petitioner's second effort to avoid the time bar rests on his allegation that he was unaware of the requirement to exhaust available state remedies with respect to any claims prior to raising such claims in a federal habeas action. Petitioner's Objection at 2 (1). The law requiring exhaustion is clear. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. §2254(b)(1)(A). See also Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997)(noting that generally, where a habeas petitioner has not exhausted state court remedies, the petition should be dismissed without prejudice so that those remedies may be pursued). Moreover, Petitioner's lack of knowledge regarding the exhaustion requirements of 28 U.S.C. §2254(b)(1)(A) does not justify the application of equitable tolling principles to his untimely petition. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(habeas petitioner's assertions that he was not a lawyer and was unaware of

---

[7]Petitioner's citation to McWilliams v. Colorado, 121 F.3d 573 (10th Cir.1997), does not assist his argument that the instant petition should not be time-barred. Petitioner's Objection at 3, 5. The Court in McWilliams held that in determining whether a petition is second or successive, petitions which have been dismissed without prejudice for failure to exhaust state remedies do not count as previous petitions for purposes of the gatekeeping provisions of AEDPA; the Court in McWilliams did not address the issue of the timeliness of a refiled petition. See McWilliams, 121 F.3d at 575; see also Romo v. Oklahoma Dep't of Corrections, 216 F.3d 1202, 1203 (10th Cir. 2000)(noting that "[t]he issue of timeliness was not before the McWilliams court.").

10

existence of state statute of limitations for collateral attack on felony convictions were insufficient as a matter of law to constitute cause for default so as to override procedural bar); Watson v. New Mexico, 45 F.3d 385, 388 (10th Cir. 1995)(petitioner's basic ignorance of the rules or the law is not an "external factor" sufficient to establish "cause" in procedural default context).

Lastly, Petitioner asserts that application of the limitation period would result in a miscarriage of justice because he is "actually and factually innocent." Petitioner's Objection at 2, 6-8. In support of his claim of actual innocence, Petitioner argues the merits of his claims in Grounds Five and Eight - that his conviction was based on evidence which was the product of an illegal search under the Fourth Amendment and that the jury foreman committed perjury during voir dire when he denied having any relatives who worked in law enforcement. Id. at 6.

Equitable tolling may be appropriate when "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978. To invoke this principle, Petitioner must present evidence sufficient to undermine the Court's confidence in the outcome of the criminal proceedings. See Christensen v. Hines, No. 00-6160, 2001 WL 237366, *2 (10th Cir. Mar. 9, 2001)("In order to qualify for equitable tolling on an actual innocence claim, the petitioner must come forward with sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings.")(citation omitted); Thompson v. Simmons, No. 98-3270, 1999 WL 339697 (10th Cir. May 28, 1999)(citing Schlup v. Delo, 513 U.S. 298, 316 (1995)).

Here, Petitioner's claims are not sufficient to undermine confidence in the outcome of the criminal proceedings. Even if Petitioner's claims have merit, they would, at most, constitute "legal innocence" rather than factual innocence, and as such would not provide a basis for equitably tolling the limitation period. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(distinguishing actual or factual innocence from legal innocence in the procedural default context). Thus, Petitioner has not made the requisite showing of actual innocence to support equitable tolling of the period of limitation.[8]

In addition, Petitioner's pro se status during his state post-conviction action and his first federal habeas action is insufficient to justify equitable tolling. See Tapia v. Lemaster, 172 F.3d 1193 (10th Cir.)(petitioner's pro se status during proceedings on first petition for habeas corpus did not justify reconsideration of choice he made in his prior habeas matter to abandon unexhausted claim, and, thus, did not excuse petitioner from AEDPA's requirements for filing second or successive habeas petition), cert. denied, 528 U.S. 880 (1999). Likewise, neither his lack of awareness of the time limitation set forth at 28 U.S.C.

---

[8]Petitioner also alleges that his petition was delayed because he received "evidence not previously available" between the dates of October 20, 2000, and September 10, 2000. Petitioner's Objection at 4. To the extent Petitioner is claiming his petition is timely under 28 U.S.C.§2244(d)(1)(D)(providing that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), his argument fails. Petitioner alleges that on February 4, 2001, he received a letter from a "Susannah Worley" indicating that she "knew of a (sic) incident concerning 'jury tampering' wherein a jury member . . . was threatened by the sheriff and the district attorney." Id. He also alleges that following February 4, 2001, a private investigator came to the prison and allowed Petitioner to listen to a tape recording containing statements "made by a sheriff's deputy concerning the planting of evidence inside of petitioner's home during the search." Id. Although Petitioner offers some evidence in support of these claims, he does not present affidavits from either Ms. Worley or the investigator, and he concedes that neither he nor his attorney have obtained depositions from these two individuals. Id. at 4-5. Such unsubstantiated assertions are insufficient to invoke the separate tolling provision of §2244(d)(1)(D). Nor do such claims support his claim of actual innocence. See Riley v. Snider, No. 99-6339, 2000 WL 231833, *2 (10th Cir. Mar. 1, 2000)(rejecting claim of equitable tolling because the self-serving affidavits by the petitioner and others were "insufficient to establish actual innocence" of first degree burglary).

§2244(d) nor his enlistment of an inmate legal assistant to aid in preparing his habeas case can excuse his untimely petition. See Marsh, 223 F.3d at 1220 (finding petitioner's "ignorance of the law" and his reliance on prison inmate law clerk for filing state post-conviction application "does not relieve Mr. Marsh from the personal responsibility of complying with the law."); Miller, 141 F.3d at 978 (petitioner's lack of awareness of limitation period insufficient basis for equitable tolling); Williams v. Boone, No. 98-6357, 1999 WL34856, *3 (10th Cir. Jan. 28, 1999)(petitioner's pro se status, unfamiliarity with the law, and reliance on incompetent "jail house lawyers" insufficient "cause" for failure to timely file habeas petition). Finally, Petitioner's reliance on retained counsel to file the instant petition does not excuse his untimely petition, as there is no federal constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also Hankins v. Boone, No. 00-5039, 2000 WL 972963 (10th Cir. July 14, 2000)(rejecting petitioner's equitable tolling argument for untimely petition based on retained counsel's alleged delay in initiating state post-conviction proceeding and delay in returning necessary documents to petitioner upon completion of post-conviction proceeding).

Moreover, equitable tolling principles apply only when the prisoner has diligently pursued his federal habeas claims. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller, 141 F.3d at 978. The record reflects that Petitioner has not exercised such diligence. Following the OCCA's affirmance of his conviction on August 28, 1998, instead of further challenging his conviction or sentence in the state courts, Petitioner waited until May 11, 1999, nearly nine months later, and filed a federal habeas petition which included

13

unexhausted claims. After Judge Leonard entered an order on November 20, 1999, granting Petitioner's request to withdraw his habeas petition in order to exhaust his claims in state court, Petitioner waited until March 31, 2000, yet another four months, before initiating his state post-conviction proceeding to exhaust his Sixth Amendment claims. Finally, after Petitioner's attempt to resume his previous habeas action was denied by Judge Leonard on October 11, 2000, another eleven months passed before Petitioner's counsel filed the instant action on September 10, 2001. Such circumstances do not demonstrate diligent pursuit of Petitioner's federal habeas claims. Gibson, 232 F.3d at 808; United States v. Van Poyck, 980 F. Supp. 1108, 1110 (C.D. Cal. 1997)(applying equitable tolling where "external forces, rather than [Petitioner's] lack of diligence," account for his failure to file his petition on time). In sum, equitable tolling is unwarranted in the present case.

For the reasons set forth above, the undersigned finds that Petitioner has filed his petition beyond the applicable one-year limitation period, and that he has not shown any basis for equitable tolling. Accordingly, it is recommended the petition be dismissed as untimely under 28 U.S.C. §2244(d)(1).

### Recommendation

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss the petition as untimely filed under 28 U.S.C. §2244(d) [Doc. No. 9] be granted. Petitioner is advised of his right to object to this Report and Recommendation by the 19th day of December, 2001, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Petitioner must file any

objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of November, 2001.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE