IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LARRY EUGENE YARBROUGH,                )
                                       )
            Petitioner,                )
                                       )
V.                                     )    Case No. CIV-01-1421-L
                                       )
CHARLES RAY, WARDEN,                   )
DAVIS CORRECTIONAL FACILITY,           )
                                       )
            Respondents.               )

MOTION FOR ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT

COMES NOW Larry Eugene Yarbrough, pro se, and through Michael C. Washington, Chief Paralegal, and moves this Honorable Court grant the "Motion for Relief Judgment filed in the Court on June 15, 2005. The grounds for this motion appear more fully in the memorandum brief filed herewith.

BRIEF IN SUPPORT OF MOTION FOR ORDER

The petitioner caused to be a petitioner for writ of habeas corpus seeking to have this court vacate a state court ruling, in which petitioner was found guilty of: Trafficking in narcotics in violation of Title 63 O.S. 1991, § 2-415, possesion of paraphernalia, sec. 2-405 and possession of marijuana, sec. 2-402. The grounds setting for the reasons for the habeas action was:

1. Undisclosed communication between and juror

2. unauthorized communication between a witness and a member from the sheriff's office

3. Failure of trial court to give appropriate jury instruction, familial relationship between the judge and a state witness

4. An unauthorized communication between the district attorney's office and a member of the jury

The habeas corpus action was dismissed by this court, and petitioner sought relief from that judgment based on newly discovered evidence that,

at the time and during trial, was not made available to trial counsel, because records in the court proceeding was ordered to be sealed by the district court.[1]

More than three months have passed since the motion for relief from judgment was filed and Respondents have failed to offer up their answer. The rules for the district court call for answers or replies to motions be submitted within fifteen (15) days of the motion being filed. See local court rules. And because time has elasped for when respondents would be allowed to file their adverse response, answer or reply, the court must rule on the motion for relief from judgment without delay.

Rule 60(b) of the Fed.R. Civ. P states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representation from a final judgment, order, or proceeding for the following reasons:. . . newly discovered evidence which by due diligence could not have discovered in time to move for new trial under Rule 59(b) . . . ."

Keeping this standard in mind, this court must take a close look at the newly discovered evidence that unquestionably show direct contact between juror and a person from the office of the district attorney, see exhibit A to the motion for relief from judgment.[2] The court must also reflect on the fact that there was unauthorized communication between the trial judge and a juror, and that he failed to inform the attorney of this communication. See exhibit D to the motion for relief from jdugment. There is convincing evidence that there was unauthorized contact between a juror and someone from the office of the sheriff. See exhibit E. There is evidence that one of the states'

---

[1] The records that petitioner requested during the trial had been ordered sealed on March 11, 1997 and they remained so until Dec. 29, 2003. Petitioner was therefore unable to raise the grounds on the motion for new trial. See exhibit F to the motion.

2.

witnesses was the ~~daughter~~ *Son* in law of the trial judge. See hearing of March 13, 1997.

In order for movant to be granted releif from judgment based on newly discovered evidence, he must show that through no fault of his own the relevant information recently discovered was excusable ignorance and not due to lack of dilegence on his part. The evidence must do more than just disagree with the evidence already profeered. Weissmann v. Freeman, (S.D.N.Y.1988, 120 F.R.D. 47, affirmed, reversed in part on other grounds, 868 F. 2d 1313. Newly discovered evidence can be grounds for a new trial or for consideration on rehaering only if moving party has been excusably ignorant of facts, despite due diligence to learn about them. Ursini v. Menninger Foundation, (D.C.Cal. 1974, 384 F.Supp. 158. Courts should never overlook facts which support a correct judgment. Petway v. Dobson, D.C.Tenn. 1942, 46 F. Supp. 114.

There is no dispute of any material fact regarding the claim of petitioner that evidence presented in the motion for relief from judgment was recently discovered or that it is pertinent in the current matter. Even when reviewing this evidence in light most favorable to the nonmoving party, inferences must be drawn from the materials presented to the court for review. Kraus v. Celotex Corp., 925 F. Supp. 646.

Both state and federal law regards the intergrity of the courts to act as neutral referee in the mill of cases tried before them. See article 2 sec. 6 of the Oklahoma Constitution. This means that judges should disqualify themselves when their integrity or ability to be fair comes into question. Trial judge must disqualify himself in a case where son has personal interest in the outcome of th trial. Morisee v. Muskgrave, 108 P.2d 123, (1941).

Petitioner need not say any more.

---

[2] All exhibits point to case setting examples of prejudice throughout the trial.

3.

Wherefore, premises considered, petitioner respectfully urges this Court grant his motion for relief from judgment and that it grant evidentiary hearing pursuant to the case law cited in the attached motion.

Respectfuly submitted,

x _/s/ Larry Yarbrough_
Larry E. Yarbrough
6888 E. 133rd Road
Holdenville, Okla 74848

## CERTIFICATE OF MAILING

On this 15th day of September a true and correct copy of the foregoing was mailed, postage paid, to:

Drew Edmondson
4545 N. Lincoln, ste 260
Oklahoma City, Oklahoma 73105

x _/s/ Larry Yarbrough_
Larry E. Yarbrough